UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:16-CR-30051-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING MOTION FOR RULING OF MISJOINDER OR SEVERANCE |
| MARTIN REZAC, | |
| Defendant. | |

Defendant Martin Rezac was indicted on three counts on April 13, 2016. Doc. 1. Count I alleges that on December 11, 2014, Rezac used a telephone to willfully threaten to damage and destroy a building on the Hot Springs Campus of the Veteran Affairs (VA) Black Hills Health Care System by means of an explosive device in violation of 18 U.S.C. § 844(e). Doc. 1 at 1. Count II alleges that between June 1, 2015, and November 26, 2015, Rezac used a telephone to threaten to kill, injure, and intimidate a registered nurse at the VA Medical Center in Sioux Falls, and to damage and destroy a building on the Sioux Falls Campus of the VA Sioux Falls Health Care System by means of an explosive device in violation of 18 U.S.C. § 844(e). Doc. 1 at 1–2. Count III alleges that on November 27, 2015, Rezac made false statements and representations to Federal Bureau of Investigation Special Agents Bradley R. Murkins and Gina M. Palokangas regarding the nature of explosive and dangerous items at his residence, in violation of 18 U.S.C. § 1101. Doc. 1 at 2.

On May 15, 2017, Rezac filed a Motion for Ruling of Misjoinder or Severance. Doc. 51. Rezac argues that Count III was wrongly joined with Counts I and II under Rule 8(a) of the Federal Rules of Criminal Procedure because (1) Count III is not of the same or similar character to the first two counts, (2) Count III did not occur within a relatively short period of time of the first two counts, and (3) Counts I and II would not be admissible as overlapping evidence in a trial on Count III under

1

Federal Rules of Evidence 402, 403, and 404. Doc. 52 at 3. Rezac argues that even if Rule 8(a) were to permit joinder of the count, joinder of Counts I and II with Count III would result in prejudice to Rezac and should be severed under Federal Rule of Criminal Procedure 14. Doc. 52 at 3. The Government resisted this motion, and provided evidence that the alleged false statements made on November 27, 2015 occurred after an explosive device detonated in Rezac's residence. Doc. 53 at 1–2.

Joinder of alleged offenses for trial is governed by Rule 8(a) of the Federal Rules of Criminal Procedure. Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The promotion of judicial economy is often used in construing Rule 8(a) in favor of joinder. United States v. McCarther, 596 F.3d 438, 441–42 (8th Cir. 2010).

Rezac first argues that Count III, which alleges that Rezac made false statements and representations to two FBI Special Agents on November 27, 2015 about the nature of explosive and dangerous items at his residence, should be separated from Counts I and II, which allege in part that Rezac used a telephone to threaten to destroy buildings on two separate VA health care campuses, one on December 11, 2014, and the other between June 1, 2015, and November 26, 2015. Doc. 52 at 2–3. An indictment may charge a defendant with multiple offenses in separate counts if the offenses are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Here, Counts I and II were properly joined with Count III. Offenses are considered to be of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (quoting United States v. Shearer, 606 F.2d 819, 820 (8th

Cir. 1979)). Whether events occurred within a "relatively short time period," is determined on a case-by-case basis, and the length of time between the offenses is evaluated "relative to the similarity of the offenses, and the possible overlapping of evidence." Id. Counts I and II allege making a threatening communication by telephone, one count in December 11, 2014, and one count between June 1, 2015 and November 26, 2015. Doc. 1. Count III alleges making a false statement on November 27, 2015. Doc. 1. Occurring between one day and seven months after Count II, and approximately eleven months after Count I, joinder of Count III with Counts I and II does not appear to violate the relatively short period of time consideration. The Eighth Circuit routinely upholds joinder of offenses occurring much further apart. See United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) ("[A]lthough they occurred a year apart, we have upheld the joinder of charges based on events separated by substantially longer periods."); Rodgers, 732 F.2d at 629 (upholding joinder of offenses twenty months apart where they were of the same type and had overlapping evidence); United States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978) (upholding joinder of offense of counterfeiting over two years); see also United States v. Brown Thunder, No. CR 11-30113-RAL, 2012 WL 5833557, at *2 (D.S.D. Nov. 16, 2012) (upholding joinder of sexual assault offenses that occurred between 23 and 35 months apart).

Furthermore, while the offenses of making false statements, as charged in Count III, and making threatening communications in Counts I and II, may not be exactly of the "same or similar character," the alleged false statements were connected to the threatening statements in Counts I and II, and thus "connected with or constitute parts of a common scheme or plan" under Rule 8(a). See Doc. 53 at 2. The two counts of making threatening statements involve Rezac allegedly threatening to destroy two buildings on VA health care campuses using a bomb, and threatening to harm a nurse working at a VA hospital. Doc. 1 at 1–2. Count III involves Rezac allegedly making false statements when the FBI interviewed him after an explosive device detonated in his residence,

3

particularly when Rezac denied having certain types of explosives within his home. Doc. 1; Doc. 53 at 1. The counts charged in the indictment were properly joined under Rule 8(a).

Next, Rezac argues that even if the counts were properly joined under Rule 8(a), they must be severed because the joining of charges will "appear[] to prejudice [the] defendant." Fed. R. Crim. P. 14(a). To prevail on such an argument, the defendant must show "severe prejudice," which "occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." United States v. Geddes, 844 F.3d 983, 988 (8th Cir. 2017) (internal marks removed) (quoting United States v. Scott, 732 F.3d 910, 916 (8th Cir. 2013)). However, "[w]here evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (quoting Rodgers, 732 F.2d at 630). This analysis may involve considering whether the evidence in a count desired to be severed for a separate trial would come in so it "completes the story of the crime, or as evidence of a prior bad act of a similar nature admissible under Rule 404(b) of the Federal Rules of Evidence." Geddes, 844 F.3d at 988 (quoting United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011)). Under the Federal Rules of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character," it is admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evidence relating to the alleged false statements made to the FBI agents, and circumstances around those false statements—that they involved explosives found at Rezac's residence—would be relevant on whether the defendant was making a "true threat" in Counts I and II. See United States v. Williams, 690 F.3d 1056, 1062 (8th Cir. 2012) (recognizing the Eighth Circuit's objective test to determine whether a communication is a true threat). Proof of this nature would likely be admissible for several of the permissible 404(b) reasons. See, e.g., United States v. Engleman, 648 F.2d 473, 483 (8th Cir. 1981) (evidence of alleged prior

4

bombing admissible in fatal bombing case under Rule 404(b) because it tended to show motive, identity, intent, and common plan). Because there are only three counts and one defendant in this case, there also does not appear to be any "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Therefore, for the reasons discussed above, it is hereby

ORDERED that the Motion for Ruling of Misjoinder or Severance, Doc. 51, is denied.

DATED this 8th day of June, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE